## UNITED STATES DISTRICT COURT
## Western District of Oklahoma

| | | |
|---|---|---|
| Shannon Vculek, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE No.: <u>CIV-21-281-JD</u> |
| | § | |
| v. | § | |
| | § | |
| Harold Hoehner, Jr., Hoehner's | § | |
| Technical Services, Inc., and Cactus | § | |
| Drilling Company, LLC | § | |
| | § | |
| Defendants. | § | |

### Plaintiff's Original Complaint

Shannon Vculek ("Vculek" or "Plaintiff") brings this Fair Labor Standards Act ("**FLSA**") and this New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq*. suit against Harold Hoehner, Jr. ("Hoehner"), Hoehner's Technical Services, Inc. ("HTS"), and Cactus Drilling Company, LLC ("Cactus Drilling") (Hoehner, HTS and Cactus Drilling each a "**Defendant**" and collectively "**Defendants**")  and shows as follows:

1. **Nature of Suit.**

   1.1. The Department of Labor states that the misclassification of employees as independent contractors presents one of the most serious problems facing affected workers, employers and the entire economy. Misclassified employees often are denied access to critical benefits and protections to which they are entitled, such as the minimum wage, overtime compensation, family and medical

leave, unemployment insurance, and safe workplaces. Employee misclassification generates substantial losses to the federal government and state governments in the form of lower tax revenues, as well as to state unemployment insurance and workers' compensation funds. It hurts taxpayers and undermines the economy.

1.2. The FLSA was passed by Congress in 1938 as remedial legislation intended to benefit and protect workers. *See Barrentine v. Ark.-Best Freight Sys., Inc.,* 450 U.S. 728,739 (1981); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947). One of the primary purposes of the FLSA is to protect workers from "substandard wages and oppressive working hours." *Barrentine*, 450 U.S. at 739; *see* 29 U.S.C. § 202(a), (b) (stating Congress' intent to eliminate substandard labor conditions). "[T]he FLSA was designed to give specific minimum protections to *individual* workers and to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942) (quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt))). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half

times the regular rate at which he is employed." *Walling v. Helmerich & Payne*,

323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

1.3. Defendants failed to pay Plaintiff in accordance with the FLSA or the NMMWA.

Specifically, Plaintiff was paid as independent contractors instead of as an

employee. As a result, Defendants failed to pay Plaintiff at time and one half his

regular rate of pay for hours worked in a workweek in excess of forty hours.

**2. Parties.**

2.1. Vculek is an individual residing in this District who was employed by Defendant

within the meaning of the FLSA within the three-year period preceding the filing

of this Complaint.   Vculek's consent to be a party plaintiff is being filed as an

Exhibit to this Complaint.

2.2. HTS is a corporation existing under the laws of Oklahoma.  HTS has an office in

this District. The registered agent is Harold Hoehner, Jr., 3028 SW 92ND, Oklahoma

City, OK 73159.

2.3. Cactus Drilling is a limited liability company existing under the laws of Oklahoma.

Cactus Drilling has an office in this District.  The registered agent is Frederic

Dorwart, 124 E 4TH ST, Tulsa, OK 74103.

2.4. Defendants have employees working in this district and in the oil fields in New

Mexico, Texas and Louisiana.

**3. Jurisdiction and Venue.**

3.1. Venue of this action is proper in this district because the events giving rise to the cause of action alleged herein occurred in this judicial district and Defendants maintain one or more regional offices in this District and Division. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendants carry on substantial business in the Western District of Oklahoma, have offices in this District and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. Further, the acts and omissions that form the basis of the lawsuit (i.e., Defendants' failure to pay overtime compensation) occurred within this District.

3.4. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

3.5. Plaintiff requests that this Court exercise its supplemental jurisdiction over the New Mexico state law claims. 28 U.S.C. § 1367.

**4. Coverage.**

4.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

4.2. At all material times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).  Plaintiff worked on equipment that had traveled in interstate commerce. Mechanical equipment and mechanical supplies used by Plaintiff were manufactured out of state and shipped in state for consumption and use. The drilling rigs and facilities on which Plaintiff worked are assembled with equipment from out of state and produce oil and gas that flows in interstate commerce. Plaintiff used the instrumentalities of interstate commerce in the performance of his duties.

4.5. Two or more of Defendants' employees, engage in commerce by using equipment that has traveled in interstate commerce.  By way of example and not by limitation, Defendants' employees used/use:

4.5.1.  Oil field equipment that has been manufactured and shipped across state lines;

4.5.2.  computers and telecommunications equipment that has been manufactured and shipped across state lines;

4.5.3.  office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.5.4.  the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

4.5.5.  The United States postal system to send mail across state lines; and

4.5.6.   the interstate banking systems to pay Defendants' employees.

4.6. Hoehner had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Hoehner had operational control of significant aspects of HTS' day-to-day functions and independently exercised control over the work situation.  Hoehner had direct involvement in the day-to-day operation of HTS and had direct responsibility for the supervision of the employees. Hoehner set work schedules and made work assignments.

**4.7.** Hoehner acted, directly or indirectly, in the interests of an employer in relation to Plaintiff.

4.8. At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

5. **Factual Allegations**

5.1. HTS is a staffing company that provides labor to the oil and natural gas industry.

5.2. Hoehner is the owner of and person responsible for all operations of HTS.

5.3. Cactus Drilling is the largest privately held domestic land drilling contractor in the United States.

5.4. Hoehner, HTS and Cactus Drilling were joint employers of Plaintiff.

5.5. Hoehner: (1) possessed the power to hire and fire Plaintiff and did so; (2) supervised and controlled the work schedule or conditions of employment of Plaintiff; (3) determined the rate and method of payment for Plaintiff; and (4) maintained employment records with regard to Plaintiff.

5.6. HTS: (1) possessed the power to hire and fire Plaintiff and did so; (2) supervised and controlled the work schedule or conditions of employment of Plaintiff; (3) determined the rate and method of payment for Plaintiff; and (4) maintained employment records with regard to Plaintiff.

5.7. Cactus Drilling also: (1) possessed the power to hire and fire Plaintiff; (2) supervised and controlled the work schedule or conditions of employment of

Plaintiff; (3) determined the rate and method of payment for Plaintiff; and (4) maintained employment records with regard to Plaintiff.

5.8. Plaintiff worked for Hoehner, HTS and Cactus Drilling within the three years preceding this lawsuit.

5.9. Plaintiff's' job responsibilities included, among others, installing and maintaining air conditioning systems as directed by Defendants at one of the Defendants' work locations or one of the locations of one of Defendants' clients.  Plaintiff performed work on oil and gas rigs.

5.10.    Plaintiff was a blue-collar worker.

5.11.        Plaintiff's job duties were those of a nonexempt employee under the FLSA.

5.12.    For the work Plaintiff performed Plaintiff was paid as an independent contractor.

5.13.    Plaintiff was paid a straight time hourly rate.

5.14.    Defendants misclassified Plaintiff, treating him as an independent contractor rather than an employee. In reality, the alleged independent contractor was actually an employee of Defendants who performed non-exempt work that is part of the fundamental service provided by Defendants.

5.15.     Plaintiff worked long hours.  On many occasions, Plaintiff worked more than 12 hours a day and more than five days a week.  Specifically, Plaintiff worked more than 40 hours in practically all of the work weeks covered by this lawsuit.

5.16.     Defendants' records will show the number of hours worked by Plaintiff as Plaintiff was paid hourly.

5.17.     Defendants were aware that Plaintiff worked 40+ hours per week yet did not pay Plaintiff overtime.  Defendants were aware that Plaintiff was working more than 40 hours a week because Plaintiff was paid weekly on an hourly basis.  Thus, Defendants tracked the time worked by Plaintiff.

5.18.     Defendants have violated Title 29 U.S.C. § 207 in that:

5.18.1.     Plaintiff worked in excess of forty (40) hours per week during one or more weeks of employment; and

5.18.2.     No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times the regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

## 6.  First Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

6.3. During the relevant period, Defendants violated § 207 of the FLSA by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating Plaintiff for his work at a rate of at least one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

6.4. To date, Defendants continue to fail to pay Plaintiff his FLSA mandated overtime pay.

6.5. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours in a workweek when they knew, or should have known, such was, and is due.

6.5.1. Defendants have been sued before for classifying manual workers as independent contractors yet continued to employee Plaintiff as an independent contractor when Defendants knew he should have been classified as an employee.

6.6. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in a workweek, plus liquidated damages.

6.7. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

7. **Second Cause of Action: Failure to Pay Wages in Accordance with the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq*.**

7.1. Plaintiff incorporates by reference all of the above paragraphs in sections 1-5.

7.2. During his employment, Plaintiff was an "employee" of Defendants as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

7.3. During their employment, Defendants were Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

7.4. Plaintiff worked over 40 hours in workweeks in New Mexico.

7.5. This count arises from Defendants' violations of the NMMWA by failing to pay overtime to the Plaintiff when he worked over 40 hours in individual workweeks.

7.6. Defendants classified the Plaintiff as exempt from the overtime provisions of the NMMWA.

7.7. Plaintiff was not exempt from the overtime provisions of the NMMWA.

7.8. Plaintiff was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

7.9. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate the NMMWA by failing to pay the Plaintiff overtime at one and one-half times his regular rate of pay when he worked over 40 hours in individual workweeks.

7.10.    Defendants' actions were part of a "continuing course of conduct" (N.M. Stat. Ann. § 50-4-32) for which the Plaintiff seeks recovery.

7.11.    As a result, the Plaintiff has been damaged in an amount to be determined at trial.

## 8.   Relief Sought.

8.1. Wherefore, Plaintiff respectfully requests that he recover from Defendants, jointly and severally, and this Court grant the following relief for the applicable time periods and continuing to the date of trial:

8.1.1.  An award of unpaid wages for overtime compensation due under the FLSA and continuing until the time of trial;

8.1.2.  An award of liquidated damages as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA and continuing until the time of trial;

8.1.3.  A finding that Defendants' actions are willful under the FLSA;

8.1.4.  Unpaid wages under the NMMWA beginning from when the Defendants' continuing course of conduct started;

8.1.5.  An amount equal to twice Plaintiff's unpaid wages as penalties under the NMMWA;

8.1.6.  An award of prejudgment and post judgment interest;

8.1.7.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

8.1.8.  Such other and further relief as this Court deems just and proper.

Respectfully submitted:


*/s/ Victor R. Wandres*
**Victor R. Wandres, OBA #19591**

**Paramount Law**

1202 E. 33rd Street
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

By:      */s/ Chris R. Miltenberger*
         Chris R. Miltenberger
         Texas State Bar Number 14171200
         Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorneys for Plaintiff